IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEON J. ABRAMS and
SERGIO B. RAMIREZ, Individually,

    Plaintiffs,

vs.    No.

DAKOTA R. MOORE, Detective,
JERROD PELOT, Dective
MIZEL GARCIA, a Supervisor,
PAUL MARTIN CASH, Assistant City Attorney, City
of Albuquerque, Legal Department,
ALBUQUERQUE POLICE DEPARTMENT, and
CITY OF ALBUQUERQUE,

    Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Plaintiffs Leon J. Abrams and Sergio B. Ramirez, individually, through their attorney, A. Blair Dunn, for their complaint, aver the following:

## INTRODUCTION

This is a civil rights action brought pursuant to COM for violation, infringement and the continued deprivation of the Plaintiffs' First, Second, Fourth and Fifth Amendment rights by arresting and prosecuting the Plaintiffs without probable cause or the reasonable belief that that their own actions in arresting plaintiffs were lawful.  On November 28, 2012 Mr. Abrams and Mr. Ramirez were unlawfully detained and arrested at the Wal-Mart located at 2266 Wyoming Blvd. NE, Albuquerque, New Mexico.  At the time of their unlawful detainment and arrests Mr. Abrams and Mr. Ramirez were lawfully in exercise

1

of their First Amendment right to free speech and their Second Amendment rights to possess and carry firearms. Mr. Ramirez's firearm was inoperable containing no clip or cartridges. Mr. Abrams and Mr. Ramirez were exercising their 1st Amendment rights to openly carry firearms as a political statement of their support for the 2nd Amendment right to bear arms. Mr. Abrams and Mr. Ramirez acted in a law abiding fashion, yet were subjected to unlawful arrest, search and seizure without cause, as an act of racial profiling and police brutality. They were <u>NEVER</u> read their *Miranda* rights and subjected to harassment, detainment, loss of liberty in violation of their 4th Amendment rights. Worse yet, Defendant members of the Albuquerque Police department engaged in falsifying evidence and providing a false report with regard to signage concerning the bearing of firearms at this Wal-Mart. Plaintiffs aver that they are prepared to offer evidence that, contrary to the police report, no signage existed at the time concerning the carrying of firearms. Mr. Abrams and Mr. Ramirez were subjected to imprisonment, the continuing deprivation of their property, and the threat of unwarranted prosecution by the action of the Albuquerque Police department. The 2nd Judicial District Attorney's Office has entered notice of *nolle prosequi* with regard to the felony charges improperly pursued by the officers of APD. Further, in the course of attempting to resolve their claims with the Defendant City of Albuquerque, Defendant Cash on behalf of the Legal Department of the City of Albuquerque threatened Plaintiffs that if they pursued their claims in court that the City would seek a monetary award against Plaintiffs. This is a blatant attempt by the City's Legal Department to intimidate Plaintiffs from pursing their lawful rights and remedies in the judicial system as a further attempt to continue to deprive Plaintiffs of their Constitutional Rights. Plaintiffs aver that the facts will show that

actions of Defendants were those of profiling these two young men on the basis of their age, ethnicity, and by their simple act of publicly utilizing their Second Amendment right to keep and bear arms.  Plaintiffs aver that the facts will show that Defendants initiated these arrest because they disagreed with the public expression of support for the Second Amendment and had to actively seek out and search to find a crime to charge Plaintiffs with, in order to arrest them.  Defendants' choice of crime to charge Plaintiffs with was secondary to the decision to arrest them and in behaving in such a manner, Defendants caused irreparable harm to Plaintiffs and deprived them of several of their constitutionally protected rights.

**PARTIES AND JURISDICTION**

1. Plaintiffs are citizens of New Mexico who, at all times relevant to this complaint, resided in Bernalillo County, New Mexico.

2. Defendants Moore, Pelot, and Garcia, at all times relevant to this complaint, were members of the Albuquerque Police Department, employed as law enforcement officers, on duty and acting under color of state law.

3. Defendant Albuquerque Police Department is a law enforcement agency operated by the City of Albuquerque through the authority granted under state law. It was the entity which employed the Defendants. Defendant Cash is an assistant city attorney employed in the City of Albuquerque's legal department. The City of Albuquerque is a Municipal Corporation established under New Mexico law. It was the entity which ultimately employed all of the Defendants.  All of their actions were done under color of state law.

4. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331,

1343, because this is an action to redress violation of the First, Second, Fourth and Fifth Amendment rights of Plaintiffs pursuant to 42 U.S.C. §1983.

**FACTS AND CLAIMS**

5.      Plaintiffs Abrams and Ramirez were arrested by Defendants Moore and Pelot on November 28, 2012. Plaintiffs arrests were made without probable cause to believe either of Plaintiffs had committed any crime or delinquent act. And because it entailed the express misconduct of falsifying evidence in order to make the charge, it was reasonably clear to the Defendants that their actions were unlawful.

6.      Defendants Dakota Moore and Jerrod Pelot were Albuquerque police detectives.

7.      Defendant Mizel Garcia was a supervisor who reviewed and approved the reports containing false information and impressions about Plaintiffs leading to the wrongful arrest and charging of Plaintiffs with a fourth degree felony.

8.      At approximately 6:30 PM, on November 28, 2012, Plaintiffs left their house for the Wal-Mart on Wyoming and Menual in Albuquerque in order to purchase an ink cartridge for Mr. Ramirez's wife. They traveled in Mr. Abrams' vehicle. On the way to Wal Mart they made a quick stop at Wendy's directly across the street from Wal-Mart

9.      At Wal-Mart both individuals entered the store carrying their guns in holsters on their sides, openly exercising their right to the free expression of their support for the Second Amendment. While there, they obtained the ink cartridge from the electronics department, and chips and dip from grocery department. Unbeknownst to them, this activity was followed and monitored by Defendants.

10. Plaintiffs purchased their items, exited the store and returned to their vehicle. As they attempted to leave they were approached in an extreme manner by Defendants, thus beginning the episode of Plaintiffs' detainment. At that point, Defendants took Plaintiffs' firearms, physically searched their persons, handcuffed them, and sat them on the street in the parking lot of the Wal-Mart next to the vehicle in public view.

11. During the course of the detainment Defendants were verbally abusive. At no point did Defendants issue a *Miranda* warning to Plaintiffs, or otherwise apprise them of their rights. Plaintiffs were placed under arrest after which they were taken to the Bernalillo County Sheriff's Office. Following the completion of their paperwork, Defendants then stripped Plaintiffs of their personal belongings. Plaintiffs were transported to the Metropolitan Detention Center/MDC. At MDC, Plaintiffs were booked under charges of a Fourth Degree Felony, fingerprinted and their privacy violated via a DNA test. Mr. Ramirez was then incarcerated in segregation, with no contact to his family for 2 days. Mr. Abrams was subjected to the general felony population for 8 days.

12. Defendants Moore and Pelot then drafted and filed criminal complaints charging the aforementioned 4th degree felony crime of carrying a firearm in a liquor establishment under NMSA 1978 § 30-7-3 against Plaintiffs. In those complaints, they included false information and omitted material facts such as the inoperability of Mr. Ramirez's firearm to make it appear that felony crimes had been committed. In doing so, Defendants understood and could foresee that they were creating criminal records for the Plaintiffs which would be likely to permanently injure them. Also, Defendants understood and could foresee that the filing of those charges would infringe upon the Plaintiffs right

5

to free speech, interfere with their right to keep and bear arms and deprive them of the property without due process.

13. Defendant Moore signed and filed both criminal complaints in the Bernalillo County Metropolitan Court, thereby initiating legal process, through which the charges for which the Plaintiffs were arrested sent to the 2nd Judicial District Attorney for prosecution. Based upon the falsehoods and omissions in the criminal complaint, a metropolitan judge reviewed the complaint for sufficiency and concluded that the complaint stated probable cause to believe that the Plaintiffs had committed the crime alleged, requiring Plaintiffs to submit to conditions of release and probation, holding the Plaintiffs in jail for two days and 8 days respectively, and requiring Plaintiffs to incur expenses, inconvenience and the other foreseeable consequences of these criminal charges.

14. As a direct result of the actions of the Defendants, the Plaintiffs were incarcerated for days, suffered physical and emotional pain, were held in segregated confinement unable to contact their loved ones, endured placement in the general felony population and endured the inconveniences and humiliations of the criminal process including the public embarrassment and humiliation and damage to their reputation, denial of the liberty to travel, subject to invasions of privacy through drug and alcohol testing, interference with their college educations and employment. Further, Plaintiffs suffered other damages and injuries including criminal records which had and continue to have a direct impact on their ability to gain employment.

15. The Albuquerque Police Department and City of Albuquerque are directly liable due to the endorsement of charging innocent persons with a fourth degree felony in

contravention of the plain language of the law that requires the establishment in which it would be illegal to carry a firearm to be <u>dispensing</u> alcohol which plainly means <u>both</u> onsite consumption <u>and</u> in packages not a retail seller grocery store, in violation of their right to be free from unlawful seizure as protected by the Fourth Amendment of the United States Constitution. Springing out of this Fourth Amendment violation Plaintiffs have been damaged by the continuing deprivation of their right to First Amendment Free Speech, the Second Amendment right to keep and bear arms and the continuing depravation of their property which was seized and has never been returned. The City of Albuquerque, through its Legal Department, endorses and continues these deprivations by the threats of retaliation against Plaintiffs, in which the City would seek a monetary award against Plaintiffs for filing a lawful cause of action against the City, in an attempt to intimidate Plaintiffs in further contravention of the Fourteenth Amendment.

16. The actions set forth constitute violations of Plaintiffs' Fourth Amendment rights to be free from seizure without probable cause. The prolonged custody and jurisdiction over Plaintiffs was the result of their arrests without probable cause followed by the initiation of criminal proceedings through the filing of the complaints. This constituted legal process without probable cause to do so, the falsification and omission of facts contained in the criminal complaints, the malicious acts of the Defendants including the pursuit of the criminal charges against Plaintiff constituted separate violations of the Fourth Amendment of the United States Constitution, the constitutional parallel to common law malicious prosecution.

17. The actions of the Defendants were undertaken in malicious disregard of the constitutional rights of these Plaintiffs, for the purpose of injuring them although they

were innocent of any crime and harmed no one. These purposes of the Defendants justify the imposition of punitive damages in order to punish them for their actions and deter future such actions by police and public officials.

WHEREFORE, Plaintiffs pray for judgment after trial by jury for compensatory and punitive damages in an amount to be determined by a jury as sufficient to compensate Plaintiffs and punish Defendants and deter others from such actions, for costs and attorney fees, and for such other and further relief as this Court may deem appropriate.

Dated the 18th day of November 2013.

Respectfully Submitted,

By: *- Electronically Signed by –A. Blair Dunn*
A. Blair Dunn, (NM Bar #121395)
6605 Uptown Blvd, NE Ste 280
Albuquerque, NM 87110
505-881-5155
F: 505-881-5356