IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LEON J. ABRAMS and SERGIO B.
RAMIREZ, Individually,**

    Plaintiffs,

vs.                                                                             13cv1113 LH/RHS

**DAKOTA R. MOORE, Detective, JERROD
PELOT, Detective, MIZEL GARCIA, a
Supervisor, PAUL MARTIN CASH,**
Assistant City Attorney, City of Albuquerque,
Legal Department, **ALBUQUERQUE POLICE
DEPARTMENT and CITY OF ALBUQUERQUE,**

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY
## PENDING RESOLUTION OF QUALIFIED IMMUNITY CLAIM

Defendants filed a Motion for Stay of Discovery Due to Filing a Motion for Summary Judgment Raising Qualified Immunity As a Defense (Doc. 12). Plaintiffs responded (Doc. 17) and Defendants replied (Doc. 20). After a review of the well-established case law, the Court concludes that the Motion for Stay of Discovery will be GRANTED.

Binding precedent establishes that a stay is mandatory once qualified immunity has been asserted and the Court has little discretion to allow discovery to proceed. Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing Siegert v. Gilley, 500 U.S. 226 (1991)).

Careful case management, such as allowing discovery to proceed as to only some defendants and on some claims, cannot overcome the demands of qualified immunity:

It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Ashcroft v. Iqbal, 556 U.S. 662, 685-686 (2009).

Discovery is STAYED as to all claims, all Defendants and all pending motions regarding discovery.  Discovery is stayed until the trial court issues a decision on the pending motion for summary judgment raising qualified immunity (Doc. 11).

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE